**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**JERROD DALE**                                                                                                         **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO. 5:20-CV-P24-TBR**

**COMMONWEALTH OF KENTUCKY** *et al.*                                  **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Jerrod Dale initiated this *pro se* action by filing a 42 U.S.C. § 1983 complaint form. The Court has granted Plaintiff Jerrod Dale leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

**I.**

In the caption of the complaint form, Plaintiff lists the Defendants in this action as follows: "52nd Judicial Circuit[,] Commonwealth of Kentucky[;] Madison Ausembaugh[;] Stephani Matty[;] and Brooke Amberg." In the "Parties" section of the complaint form, Plaintiff lists Defendants as "Commonwealth of Kentucky[,] Graves Circuit Court[,] 52nd Judicial Circuit" and "Graves County Deputy Sheriff Brook Amberg."

In the "Statement of Claims" section of the complaint form Plaintiff writes *in toto*:

The fact on my indictment is as follow

1) Ct. 1 of my indictment state: On or about the 29th day of September 2019, in Graves County, Kentucky, the above-named Defendant committed the offense of trafficking methamphetamine, 2nd or greater offense, > 2 grams firearm enhanced, By knowingly and unlawfully selling methamphetamine to a confidential informant, the defendant also had a firearm in his possession. The Defendant has a previous conviction for trafficking controlled substance in Graves County, Case Number 12-cr-0017, in violation of KRS 218A.1412.

KYIBRS Report: Narrative

2) Investigation: (Paragraph 11); Dale gave consent to a search his residence where he accompanied detectives and DEA agents during the entire search. During the search of his residence, under a bed approximately 8 ounces of methamphetamine was located along with a handgun that was found inside the toilet tank and approx. 14 ounces of meth on the top shelf inside a closet.

3) Also as stated in paragraph 11, 2237 St. Rt. is not my address. Page 8 of my discovery as well as several articles in the Mayfield Messenger clearly show my address is 704 W. Lee St. Mayfield Ky 42066

In the "Relief" section of the complaint form, Plaintiff indicates that he seeks damages as well as injunctive relief in the form of release from jail.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Here, the Court can discern no constitutional claim based upon Plaintiff's allegations. Moreover, the complaint fails to connect any allegation to any Defendant. *Cox v. Barksdale*, 810 F.2d 200, 1986 U.S. App. LEXIS 33615, at *2 (6th Cir. Nov. 13, 1986) ("It is axiomatic that a complaint under 42 U.S.C. § 1983 must show a causal connection between the named defendants

and the alleged constitutional deprivation . . . .") (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Dunn v. Tenn.*, 697 F.2d 121, 128 (6th Cir. 1982)); *see also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."). The Court further notes that the "Commonwealth of Kentucky, Graves Circuit Court, 52nd Judicial Circuit" is not a "person" subject to suit under § 1983. *Mumford v. Zieba*, 4 F. 3d 429, 435 (6th Cir. 1993) (holding that "a state court is not a 'person' within the meaning of that term as used in § 1983") (citing *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)). Finally, to the extent that Plaintiff seeks release from custody, this is not an available remedy under § 1983. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

## IV.

For the foregoing reasons, the Court will dismiss this action by separate Order pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Date: May 8, 2020

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Defendants
4413.011